We are unable to discover by what particular rule of law or mode of reasoning the Court below arrived at the conclusion that it had no jurisdiction in this case. The [213] subject matter in * dispute, as well as the parties, seem to have been properly before it, and it was perfectly competent for the Court to have granted the relief sought.

Judgment reversed with costs.

---

## JOHN W. STOUGHTON, APPELLANT, v. THOMAS W. SWAN, RESPONDENT.

PROMISSORY NOTE, NOTICE OF DISHONOR.—A notice of the dishonor of a note is sufficient, if it appear or can reasonably be inferred from the notice, that the note or bill has been duly presented for payment, and has been dishonored.

APPEAL from the Seventh Judicial District.

This was an action against the indorser of a note. The defense was, that the notice of dishonor was insufficient.

The notice was in these words:

"BENICIA, March 6th, 1854.

"Mr. Thomas W. Swan: Sir—You are hereby notified, that I, this day, protested a promissory note, drawn by Mrs. Hannah R. Beveridge, for $757 77, and payable five months after the date thereof to you or your order, and by you indorsed; said note dated Oct. 3d, 1853, and that the holder, J. W. Stoughton, looks to you for the payment of the same.

"H. LEE, Notary Public."

The case was tried by the Court without a jury, by consent, and judgment being rendered against the plaintiff, he appealed.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

No precise words or particular form is required in the notice to be given to the indorser of a promissory note or bill of exchange, of its dishonor.

It is sufficient if it appears, or can reasonably be inferred * from the notice, that the note or bill has   [214] been duly presented for payment, and has been dishonored.

A notice that a note had been duly presented, etc., and protested for non-payment, and that the holder looked to the indorser for payment of the same, is sufficient to put the indorser upon inquiry, which is all the law requires, and answers fully the reason and purpose of notice. The word *protested* has a definite legal signification, which should have been recognized by the Court below. In this case, the notice of protest was sufficient.

Judgment reversed with costs.